The next matter, number 25-1194, Securities and Exchange Commission v. Raymond Gastauer. At this time, would counsel for the appellant please introduce herself on the record to  Johanna Castle Walker for Relief Defendant Appellant, Mr. Raymond Gastauer. With this court's permission, I would like to reserve three minutes of my time for rebuttal. You may. Thank you, Your Honor. Two years ago, Mr. Gastauer pressed a jurisdictional challenge from the trial court to this court and won. The result was an opinion from this court that reversed the exercise of personal jurisdiction and explained this, that exercising personal jurisdiction based on the unilateral transfer of funds from a third party would accomplish exactly what due process prohibits. But on remand, the district court reached the opposite conclusion, finding that the theory rejected by this court in Gastauer 1 actually stated a colorable basis for personal jurisdiction. This violation of the court's mandate snowballed, with the court ordering jurisdictional discovery without a colorable basis to do so, freeing the commission from complying with the Hague Evidence Convention, and ultimately entering a multi-million dollar judgment against an 80-year-old man in Germany who still stands accused of no wrongdoing. As in Gastauer 1, this court should reverse. Could you clarify something for me, because I'm not sure, I might have missed something in the record. When the court below entertained the request for jurisdictional discovery, did your client at that point object based on the mandate? I couldn't find any indication that your client did so. Mr. Gastauer didn't proceed in the district court proceedings following a favorable ruling from this court that rejected both of the commission's theories of personal jurisdiction? Also, the case goes back to the court. It's got our opinion, it's got a mandate, and it's got directions to proceed in a manner consistent with that. It then says, it doesn't say I'm questioning the rejection of the imputed jurisdictional theory. It does, though, grant a request for jurisdictional discovery. Your client doesn't at any point say to the court what you're saying now, which is the mandate precluded that in some way or should be construed as doing that. Under waiver doctrine, which you write about in your brief, isn't that a waiver by your client of the claimed error of not following the mandate? I disagree, Judge Cayeta, and I have two responses for you. I think the first is, regardless of this court's view on waiver as a matter of fact, as a matter of law, this court can always review the mandate rule violations sua sponte. That's chiveres morales, a case involving a double waiver where the mandate rule was not pressed in the district court or on appeal. To be precise, that is not saying that there was no waiver. That's saying that in cases where there has been a waiver, we have in at least a few cases overlooked the waiver, forgave it because of our independent desire in a particular case to adhere to the mandate. But certainly there's no case law that says that's the norm, that we would forgive waiver. I think that it's true that chiveres morales is the response regardless of what this court's view is on whether waiver occurred below, but I think we also have the view that waiver did not occur below, or at least the notice issues that waiver is concerned about didn't occur below because even though Mr. Gastower believed that his appearance would in effect be inconsistent with the scope of the mandate, his German counsel did write to the commission and say, you know, my client, and this is at JA 284, 287, my client does not admit to the U.S. court, it does not admit that the U.S. courts have valid jurisdiction. So the SEC was on notice of the position that both of the jurisdictional theories that the SEC had previously pressed. But with Judge Stearns, because, so the mandate rule is not, I don't think, as clear to me, at least as it's, you set forth, I mean, there were, there was an outstanding motion for jurisdictional discovery in the district court when the first appeal went up, correct? I disagree that it's outstanding because the district court erroneously found personal jurisdiction. Was there a motion that was unresolved that sought, that was not ruled upon, that sought jurisdictional discovery? Or maybe you might say it was mooted out, but whatever. Sure. There was one sentence in the commission's request for a denial of remissiveness.  So the appeal comes to the First Circuit, and Judge Stearns, as you point out, says there is personal jurisdiction based on the imputed theory, and there are two possibilities for, I guess, possibly at the first appeal, which is, one, there are minimum contacts, so there's jurisdiction, or two, there's this imputed theory, and you say the SEC didn't go forward on there are minimum contacts, they only went forward on the imputed theory, this court rejected the imputed theory, and that's your mandate rule argument. Am I right so far? I think that's right. Okay. And so what they couldn't have argued, I don't think they, or they didn't argue we actually had minimum contacts. They're arguing instead that this motion for discovery is either denied as moot or hanging out there, but there was really no, I can't figure out the good way they would have brought that to the Court of Appeals. What would they have said about that in their first appeal to make that resolved? You can't get discovery on remand. So I think this is maybe the point where we disagree, because the commission did press in the original district court proceedings that they believed that on the current record there were minimum contacts. On appeal, Mr. Gastower's frontline argument is there are no minimum contacts establishing personal jurisdiction against me. And what if they thought, you know, he's right about that. That's right. Mr. Gastower's right about that. We still think there's a colorable claim such that we could get discovery and maybe make it better than it is now. So we're not going to press that now. We're going to not press that. We're going to go forward on what Judge Stern said. And if we get sent back, we'll try to make the colorable claim argument and see if we can actually make a minimum contact. Why is that wrong for them to think they could do that? I do think that's what they think they could do, and I do think that's wrong. And the reason is because their minimum contacts theory was flawed as a matter of law. And that kind of ties into the jurisdictional discovery argument, because in order to be not even entitled to jurisdictional discovery, but a threshold for saying that jurisdictional discovery is warranted, is being able to identify a specific fact that if found in discovery would give rise to a sufficient basis for personal jurisdiction. So that is they lack a colorable claim. They lack a colorable claim. But that wasn't adjudicated. Excuse me, Your Honor. Isn't the standard for whether there is minimum contacts a heightened standard from the standard there is enough colorable suggestion of minimum contacts to justify jurisdictional discovery? They're different standards. I think that's true, but you have to have a cognizable theory regardless of whether you have sufficient facts. Sure. So let's agree with you for purposes of argument that they waived their opinion that their complaint alleged sufficient facts to establish minimum contacts. That still left hanging the question of whether the complaint alleged sufficient facts to justify jurisdictional discovery. I don't think that's – Sorry, Your Honor. That was never ruled on by the court below prior to our first opinion. It went back, then ruled on that by giving jurisdictional discovery. As I hear you now, you say that was wrong. There wasn't enough for even jurisdictional discovery. But your client didn't argue that below, so we find ourselves back into the waiver territory. A couple of responses to that, I think, first of all, is that the appellee forfeiture informs the scope of the mandate, a point that the commission doesn't even respond to in their opposition brief. If I agree, but that doesn't really answer the question. There can be a pelley waiver. I think the question is when there is a – this colorable claim argument that that doesn't really seem like there was a really good way to raise or litigate that in the first appeal, why should we say there's a pelley waiver? What should they have really done here? Say what? What should they have said to the First Circuit? If their view was at that point, you know, we don't actually have right now the facts to prove minimum contacts. But we think if this case does carry on, we could get discovery and prove it. What is it they should have said about that to the First Circuit at the first appeal? I think offering maybe perhaps an off-the-wall example would be helpful. If they said that their theory of personal jurisdiction was that Mr. Gastower was wearing a purple tie, regardless of what they knew about Mr. Gastower and the color of the tie that he was wearing, that legal theory of personal jurisdiction would be flawed. They had a legal theory of personal jurisdiction that they could have pressed in response to Mr. Gastower's arguments that their legal theory of minimum contacts that in a unilateral transfer of funds could establish personal jurisdiction was legally flawed. They did not respond to that answer. That's the pelley waiver. But yet, on the remand, they tried to present the very same theory that they forfeit in Gastower 1. That's what they didn't. In Gastower 1, they argued our complaint shows minimum contacts, point one. Point two, even if it doesn't show minimum contacts under the traditional theory, the imputed contacts are enough, point two. Point three, we should have discovery, jurisdictional discovery. The court doesn't say anything about point one. Rules for them on point two, that moots the jurisdictional discovery. You then appeal on the point two that the court relied on, and you win. So they've precluded from arguing that the imputed jurisdiction is sufficient, and we could even agree with you that now they can't argue that the complaint itself established minimum contacts. But hasn't our resolution unmooted the request for jurisdictional discovery, which the court then proceeded to grant without objection? It may be helpful then for me to move on to my argument that there is no colorable basis for personal. The person where you run, just so you know, I mean, you then run into the waiver on your side problem, which is, okay, there's no mandate rule problem. Now Judge Stern says, I'm going to order jurisdictional discovery, because I think there's a colorable basis. And there's no response from Mr. Gastaro whatsoever to that legal point. So that's problematic. I don't think it's problematic, because as this court has explained in Corporacion Insular, is that the surest way to preserve a challenged personal jurisdiction is to stand on your jurisdictional challenge, risk of contempt sanction, and then challenge that personal jurisdiction on appeal. Notably, if you look at the district court's order, the court also didn't find that the personal jurisdiction challenge was forfeit. Indeed, they said, because Mr. Gastaro has mounted a challenge to personal jurisdiction, this is why I'm proceeding to the jurisdictional discovery question. And I think that part of the waiver question all flows from the fact that there was such an egregious violation of the mandate ruling, is that Mr. Gastaro challenged personal jurisdiction at every opportunity to do so. So he filed a motion to, if I may briefly continue, he filed a motion to dismiss at JA 110 through 113, mounting his personal jurisdiction challenge. When that was denied, he filed his answer, JA 136, paragraph 14, and his answer again mounting a challenge to personal jurisdiction in JA 284 and 287. He sent a letter to the commission that was then filed on the district court's docket notifying everyone that he was still challenging personal jurisdiction. And I think this court's decision in Dehua Tech explains that where the same notice concerns that typically are at play when there is a waiver no longer exist because everyone is on notice of the argument, the waiver doctrine applies with much less force. Before you sit down, I mean, I'll just take just one more minute. Can you just give me a little bit on why you say there was no colorable basis for discovery? There's no colorable basis for discovery because, again, as this court has explained in modus, there has to be an identification of discrete facts that would support a sufficient predicate for personal jurisdiction. There were no discrete facts identified below that, if found, would have supported a finding of personal jurisdiction. I think you can see that if you look at the request itself for personal jurisdiction, which just sought to determine essentially the scope of Mr. Gastow's relationship with the United States as opposed to discovering a specific fact. We think that's the exact type of example where jurisdictional- So it's not enough to say, I mean, what they say basically is, he did banking with the United States or somehow the money got from a US account to his account, so there must have been some interchange with the United States. That's what they say, basically. And that's not enough because if that were true, you cite a lot of cases at least that say, if that were true, that's not minimum context. And so they would need, not just to say, maybe those facts will lead to something else. They need to tell us up front what that something else is that they think they can prove. Is that what you're saying? That's exactly right. I think it's put well when courts say that jurisdictional discovery should be a supplement, not a substitute for the assertion of jurisdictional facts. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? May it please the court. Theodore Wyman for the Securities and Exchange Commission in this appeal. In Mr. Gastower's first appeal, this court rejected the theory that a relief defendant's minimum contacts with the United States could be imputed from a primary defendant. And the court remanded for further proceedings consistent with that opinion. The district court faithfully applied that mandate, first asking the parties to brief whether any other basis for personal jurisdiction remained, and then ordering jurisdictional discovery into Gastower's own contacts with the United States, which the commission had requested from the outset of this case. The district court's approach was more than reasonable. Excuse me, the position you maintained from the outset of this case, is that what you said? That's right, your honor. The commission- We could have avoided this entire proceeding here today if you had just told us last time that you did intend to pursue the jurisdictional discovery, which if you lost. Well, I don't think that would have avoided it, because that would have been just something to do on remand. It wouldn't have been an alternative basis for affirmance. It wouldn't be any basis for arguing that you waived anything. Well, I think that would depend on how Gastower would have responded on remand. In this case, Gastower didn't participate on remand. I don't know that he would have participated on remand if the commission had mentioned that there was an outstanding request for jurisdictional discovery. So you think it was a good decision not to tell us that if you lost that case, you intended to still pursue the jurisdictional discovery? I wouldn't say that it was a decision so much as the commission addressed the issues that were presented. There was an order holding in the district court that the imputation theory provided jurisdiction. That's what was on appeal. The question to whether order jurisdiction, jurisdictional discovery is discretionary. The district court never reached it, never had to reach it. It was sort of mooted essentially for the time being by the other ruling. And it was unclear that that was an issue that it certainly wasn't presented in the appeal. So I wouldn't say a decision was made. It was simply one of the many issues that are pending in the district court. And I think that's why courts of appeals, this court issues general remands for proceedings consistent with this opinion. Because there's lots of issues that are out there, and not everyone is going to be presented or very clearly before the court. Well, are there any positions you're keeping from us in your back pocket here today? No, absolutely not, your honor. I think that everything that happened below on remand resolves this case. I think as this court, as your honor, recognize both of you judges in the first part of the argument, there was a waiver of all the arguments in the district court. Mr. Gaster had full process, had the ability to raise his arguments about the mandate, about the jurisdictional discovery, and chose not to raise those arguments. But setting aside that, jurisdictional discovery was fully consistent with this court's opinion in Gast-Hour 1. It wasn't presented in the appeal, couldn't have been presented, and wasn't reached explicitly or implicitly by this court. And so there's two aspects of that. One is the mandate rule. It wasn't barred by the mandate. It wasn't implicitly, I mean, reading through the opinion, there's just no way you could argue that jurisdictional discovery was presented. They're arguing sort of waiver of jurisdictional discovery. As I just said, there's really no way that the commission could have raised as an issue. But they also waived the waiver argument. They waived all the arguments on remand by not participating. Mr. Gasower chose not to participate and pursue that. And that's something he could have presented to the district court. And so I think it's sort of strange to argue that the commission waived its ability to seek jurisdictional discovery, something it asked for at the outset of the case and renewed when the other theory was struck. But then, say, our waiver, by not participating at all in the district court, that should be overlooked. So what of her point that, well, when you're saying there's no personal jurisdiction, you don't really have to carry on with the litigation, you can wait to be- Well, there's a distinction between waiving the defense kind of categorically and waiving specific arguments. That's simply a general waiver that would apply in any case as to specific arguments. Mr. Gasower didn't waive the personal jurisdiction defense as this court held in Gasower 1. He raised it, he preserved it. But then there's a question about jurisdictional discovery. There's specific arguments and it's a very discretionary decision by the district court based on the facts. The commission asked for it, presented its reasons, and Mr. Gasower chose not to respond. That's a waiver of the opposition to jurisdictional discovery. And then everything flowed from that, the sanctions and the judgment. So whether or not he waived his personal jurisdiction defense by failing to raise it or whatever, that's sort of a separate question from the specific arguments that he did waive. There's also this argument that Mr. Gasower presses that somehow jurisdictional discovery, it was okay for him not to raise it because categorically there was no basis for- So taking everything you said as true, is it waiver or plain error on whether there should have been jurisdictional discovery? I think at this point it's very clear it was waiver. Opposing counsel in a reply brief, Mr. Gasower represents that they put the court on notice through these, put opposing counsel on notice by communicating through German counsel to the commission that they had these arguments and they were choosing not to press them. And I think that makes it clear it was intentional waiver. They had the arguments, they notified the commission, we're choosing not to present them. That's classic waiver. But even if it is forfeiture, I think it's telling that in the opening brief, there's no mention. They didn't come to this court and say, your honor, we chose not to present this. We think it's wrong to have to even participate before the district court. We forfeited these arguments before the district court, but we should be able to pursue them at least under plain error. They didn't mention it at all. It was simply ignored. Even in the reply brief, it's buried in there. They simply- I say they get plain error just because I want to hear why you think there was a colorable basis here. Absolutely. For jurisdictional discovery. Yes, and I think the key point there, and again, setting aside, they didn't oppose, they didn't provide the district court with reasons why it's not colorable. And I think also setting aside the question of fold, which this court does need to reach, but it is, we're in this minimum contacts box in this one little window that doesn't exist anymore. But setting those points aside, the key error that Gastower makes is the repeated claim that the commission's theory of personal jurisdiction was simply unilateral receipt of money. We quote in the brief, that's not what the argument was. There was an argument that unilateral receipt was enough. It was, the district court said no. But the commission also has an argument, and pressed this argument, that Mr. Gastower's involvement in getting that money would be enough for personal jurisdiction. And that's what the commission sought to develop. Part of what- Is that because it says loan agreement on the check, or? One check says loan agreement. Let's see the loan agreement. Maybe that shows that he was more involved, that he did actually knowingly try to get the money. Now, again, that's not a matter of he did wrongdoing. Opposing counsel said that in the brief, that's an allegation of wrongdoing. It's not about illegality. It's about his contacts with the United States. You have this loan agreement notation, which is an indicator, it raises the question, let's see the loan agreement. You also have the parallel activities. He signed lease documents in London as the owner of GFT Investment. There's these companies. Meanwhile, on the American side, his son was telling the London bank, my father's going to do this, my father's going to do that. We're lending the money from the US, my father's going to be buying it as the sole shareholder of this company. So you have these parallel activities showing that there was communication, or at least there's a clear, colorable basis to indicate that Mr. Gastauer in Germany was talking to his son or the companies that the son had. They seem to be shell companies. And arranging to receive this money and do actions in London. Now maybe that discovery wouldn't have showed what the commission thought it might show. Can you tell me legally what you think you need to show or make as a proffer to get jurisdictional discovery? What is the, in this case, you had to tell Judge Stern what? That there's a colorable basis that the facts sought to be shown through discovery may lead to a sufficient basis for personal jurisdiction. Is it enough to say, well, this is a loan agreement. We don't know what that means. But hey, maybe it means there was deep contact with the United States. Is that enough? It would be a matter for the district court's discretion looking at the facts of the case. And I think here was enough. You had indications of his involvement and under this court's authority, even one contact where you try to get a significant economic benefit from the forum under the old minimum contact standard could be enough. And we don't know what the loan agreement would have showed, but that is, reaching a contract, we cite a case where there's a contract to profit from a litigation in America. One contract is enough to derive an economic benefit. A sort of ongoing business relationship to get money to buy a London condominium with American money. That is a significant economic benefit. Now maybe it wouldn't have been enough, but the commission had a colorable basis to get jurisdictional discovery, to at least get the loan agreement, to at least get the communications, and to depose him. And there was very narrow discovery that was sought. Five interrogatories, five document requests, a video deposition remotely, not burdensome. And he chose not to even respond to it. And that's, again, before we even get in to the third ground for affirmance, which is presented by the Supreme Court's intervening decision in full. And I think this court doesn't need to get into the intricacies of full, which raises some questions about the full standard that remains, to note that the minimum contact standard, at least, is gone. And that was the only basis that Mr. Gastower presented to oppose jurisdiction. The reasonableness test, which, at least for now, part of it in full remains, that existed before. Mr. Gastower never pressed it. He didn't press it in his opposition motion to dismiss. In his first appeal, in footnote two, he says, you don't need to reach reasonableness, because minimum contacts is strong here. And so now, with full eliminating minimum contacts, even if this court were to say that it's okay that he didn't present, he didn't argue to the district court that no colorable basis exists. Even if there was no colorable basis, because this evidence that goes beyond unilateral receipt. We're talking evidence that he actually engaged in communication to affirmatively get a benefit of the money. Even if that's not enough, minimum contacts just isn't the standard anymore. And this court doesn't need to get into what the standard is or is this- So that would lead you to say, okay, because of full and the more squishiness of the test now, discovery was okay, because you're trying to satisfy that lesser standard, which is a lesser sum than minimum. Yeah, I think there's two ways of looking at it. One would be, his only objection was minimum contacts. So with that gone, there just isn't an objection. It was Mr. Gastower's burden as an affirmative defense. Reasonableness standard under this court's authority, I think, police scurvy scrutinizer. It's the defendant's burden, the reasonableness side of it. He never raised it. So with that gone, that alone ends his personal jurisdiction defense. But if we talk about jurisdictional discovery, again, minimum contacts, it's unclear the degree to which the contacts do continue to matter. We put arguments as to why it was sufficient here. But at a minimum, even if the jurisdictional discovery that we saw it wasn't enough for minimum contacts, his involvement with trying to get money from America would be potentially significant if Mr. Gastower's argument that some sort of contact still matters. Well, if he's reaching agreements with his son to get money from America. He's making the choice. This isn't a case anymore, at least with the jurisdictional discovery question, where it's just about money appeared in his account and he doesn't know anything. Maybe that's the case, but we have a culpable basis to investigate. What was the loan agreement? How did he know that his son was making claims? Maybe they weren't accurate, but at least there's something to go on that his father was doing this whole business agreement with the money that he was giving from the United States in London. This is all very strong evidence that something was happening, that there was sort of a business relationship. And even under Mr. Gastower's conception of the reasonableness test, which I think overstates the continuing relevance of the minimum contacts, that jurisdictional discovery would have been relevant for that point. But I think the simplest way to resolve this, because there are so many complicated questions and there's different avenues. Wave this or whatever, it's just the district court acted extremely reasonably here. I mean, looking from the perspective of the district court, this court issued its opinion. It ruled on the imputation theory. It remanded for proceedings consistent with this opinion. District court asked the parties, what do I do now? Is there still a basis for personal jurisdiction? Mr. Gastower chose not to respond. The commission did. Jurisdictional discovery was granted under a very low standard, with a lot of deference to the district court. The district court actually denied the notion that personal jurisdiction existed on the existing record. But the district court gave it a lot of thought and granted the jurisdictional discovery. Commission sought it, moved for sanctions. Mr. Gastower's aware, his counsel is telling commission, we're not going to respond. We know this is happening. We're choosing not to press the arguments, which does make it waiver, even apart from his failure to address it in his brief. And then from there, you also have Fould eliminating the only argument that he ever raised of minimum contacts. So I think just looking at it from the perspective of the district court handling this remand, this isn't a case where, as Mr. Gastower suggests, the district court is somehow circumventing this court's mandate. And I think also it's important to note that this court certainly has the authority and the power to address waived issues and even waived mandate issues. But the precedent shows that this is exercised in extraordinary cases to prevent a miscarriage of justice in the Chevris Morales case. And that just doesn't exist here. We have a case where he had German counsel, American counsel, and knowingly chose not to participate in district court proceedings. And it can't be that you could just skip the district court and come to this court. Thank you, your honors. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record. She has a three minute rebuttal. Thank you. Johanna Castle Walker for relief defendant appellant, Mr. Raymond Gastower. I'd like to make three points on rebuttal. One regarding the commission's litigation choices. One regarding the SEC's new ostensible theory of personal jurisdiction. And one regarding international comedy overlay in this case. First, we are here, as Judge Coyotta, I think you're questioning, suggested as a result of the commission's litigation choices. First, they chose to name Mr. Gastower as a relief defendant, not an actual defendant accused of wrongdoing. Then they chose to commit a pelly forfeiture on appeal and not address their legal theory of personal jurisdiction in the alternative for closing the ability to re-raise that on remand. And third, they declined to amend their complaint on remand to state, to assert personal jurisdiction in a way that was consistent with this court's ruling in Gastower one. The commission should be held to those strategic litigation choices. The second is SEC's new theory of personal jurisdiction, which includes, I think, this patina of fraud on Mr. Gastower that, we named him as a relief defendant. But we think that maybe the fact that there was a loan or something else suggests that maybe there could be a continuous ongoing relationship with shell companies that is suggestive of personal jurisdiction. But the commission cannot have it both ways. They named Mr. Gastower as a relief defendant and avoided the statute's obligation to show an actual violation of the securities law. And as a result, they cannot now suggest there's patina of fraud around Mr. Gastower that is sufficient to show contacts that would support an assertion of personal jurisdiction. And third, I think that's something that hasn't been discussed yet in this case, but that is kind of a through line on the Supreme Court's decisions discussing international comity, is that courts must exercise special vigilance before subjecting foreign defendants or foreign litigants to personal jurisdiction or potentially abusive discovery. Here we have a situation where there's an 80 year old man in Germany who has no facility with English and no contacts with the, and hasn't been to the United States and disclaimed any business with the United States. Can you just tell me one more time, so if we rejected your mandate rule argument, and then the question is, okay, you didn't do anything else in the district court. Why have you preserved your objections to the colorable basis for discovery claim? Tell me again why you say we didn't have to do anything about that. I think we've preserved the colorable basis because of the appendix sites that I gave this court in my opening argument about preserving the personal jurisdiction. And as the commission acknowledged, everything has flowed from the denial of that exercise of personal jurisdiction. So once you say there's no personal jurisdiction, that alleviates you from any further requirement to raise any points. This isn't whether there was jurisdiction, this is should they get to look into whether there was jurisdiction. And your position is, once we say there's no jurisdiction, we don't have to do anything else to preserve anything going forward, is that? I think particularly when arguments for why there is no personal jurisdiction tied directly to the legal theory of jurisdiction that the commission is trying to present. From the beginning of this case to now, the commission has said that their assertion of personal jurisdiction arises from these three transfers of funds that Mr. Gastower received. That's completely inconsistent with the one contact cases that the commission cites in support of exercising jurisdictional here. Where there was either an acquisition of real property in the United States or whether there was an unsolicited request for funds in the United States. There are no facts on this record suggesting that either of those circumstances are present here. And I think even under the fold reasonableness test, the Supreme Court still explained that the international comity principles still exist. And that the courts have to be mindful not to create international friction that would perhaps prompt foreign nations to exercise personal jurisdiction against Americans on the same tenuous basis that the commission is trying to assert personal jurisdiction here. Is it correct that a record could be insufficient to establish personal jurisdiction, yet sufficient to justify the authorization of jurisdictional discovery? I think there could be a record in which that circumstance is met where the plaintiff puts forward a theory of personal jurisdiction that has basis in the law and seeks to uncover more facts that would bear out that theory of personal jurisdiction. But here, as I think I was trying to explain in the mandate argument as well, the theory of personal jurisdiction is legally flawed. So there is no amount of facts that would both be consistent with- Well, the imputed theory is legally flawed. And I think we could also go so far as to say the notion that the present complaint and record at the time we issued our decision was insufficient to establish personal jurisdiction under minimum context. But that's why I'm asking whether that finding precludes the conclusion that there are enough pieces of evidence here to justify jurisdictional discovery. And it seems that we're in agreement that that is a lesser standard. That therefore makes the issue, if we didn't have these waiver issues, the issue would have been when they sought jurisdictional discovery for your client to say to the court, there isn't enough here, even under that standard. And the court would have then had a discretionary ruling before. The problem being that your client never said that. I don't think that's quite what we have here. In Gastower 1, I just want to read from this court's opinion. It described its opinion as a determination that exercising in personam jurisdiction over Gastower would not accord with the fair play and substantial justice that due process demands on the basis- And at that time, that was true, because one, there's no imputed liability. Two, they aren't saying in that appeal that there are minimum contacts. So that's a true statement. Then the question is, is that then forever abandon the idea that, well, but maybe there's enough, even if it doesn't establish minimum contacts, that maybe they could demonstrate it with more discovery. Which seems to be a third indifferent issue, which I think we've talked about. But let's say, I mean, it seems to me like it says, it's a loan agreement. So that might raise a whole bunch of questions about, well, did he come to the United States to negotiate the loan? Were there phone calls or Zoom calls or whatever with the United States? And so, would that be enough to start asking to see like, even if he's still a relief defendant and not engaged in any kind of misconduct, to figure out how did this become a loan and did that involve the United States? Why wouldn't that be something they could explore? Well, I think, first of all, is because there's a sworn denial that's unrebutted in the record that says that Mr. Gastow hasn't been to the United States since 2009, and I don't think there's any suggestion that that was a statement that was made under perjury. I think the second problem is that there's still no identification of it. What discrete fact could the commission identify from the existence of a loan agreement that would give rise to personal jurisdiction here? I listened to the commission's argument, and in that 15 minutes, I still haven't heard that discrete fact that if proven, would show the existence of personal jurisdiction either under a minimum contacts theory, which I think would be foreclosed squarely by this court's decision in copia in cases much like it, or under the reasonableness test in full that still accounts for the heavy burdens that are placed on a foreign litigant and urges these courts to exercise special vigilance when deciding to exercise personal jurisdiction over a foreign litigant with zero ties to the United States. You're saying borrowing money from a US lender doesn't raise some suggestion that there may be minimum contacts? I don't think so, because this court's cases, when the minimum contacts standard governs, said that a mere contract between two entities doesn't establish a minimum- But that takes the allegation as the full scope of the answer. And I guess the point of discovery is, we have a fact that doesn't get us over the line for sure. But it suggests there might be more here that does, and so what the fact does is it lets you go further. So you might be right about exactly what you said, maybe 100% be right, but why isn't it enough to say, but there's something more behind that and we get to figure out what that is, and maybe it helps and maybe it doesn't. Because this court's precedent on jurisdictional discovery is that saying that there may be something more here isn't sufficient to cross the threshold into a colorable basis for personal jurisdiction. A mere hunch is not enough. Discovery can't be a substitute for the assertion of an actual fact. And I think if this court looks for the fact that the commission says would give rise to the existence of personal jurisdiction, it will not find it in the commission's brief or at argument today. For those reasons, we think that this court should reverse. Thank you. Thank you, counsel. That concludes argument in this case.